FILED
2012 May-14 AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Melba Jo Williamson<br><br>Plaintiff,<br><br>vs.<br><br>Food Giant, Inc., d/b/a Piggly Wiggly,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>CV-12-BE-1836-M |

## ANSWER

**COMES NOW** the Defendant, FOOD GIANT SUPERMARKETS, INC., who is improperly designated as Food Giant Inc., d/b/a Piggly Wiggly, and hereby files its Answer to the allegations of Plaintiff's Complaint and says as follows:

### STATEMENT OF THE PARTIES

1. Admitted.

2. This paragraph does not require a response.

3. Admitted.

4. Admitted.

5. Defendant admits that Plaintiff reported fell while on the premises of the store, but denies that she fell as a result of a "wet and slick floor."

6. Denied.

7. Denied.

{B1430427}

8.  Defendant lacks sufficient information to admit or deny the extent of Plaintiff's injuries at this time, but denies that her injuries were caused by any negligent act of these Defendants.

## COUNT ONE

9.  No response is required.

10. Denied.

11. Denied.

## COUNT TWO

12. No response is required.

13. Denied.

14. Denied.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendant.

## SECOND DEFENSE

The Defendant denies each and every material allegation contained in the plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

The Defendant pleads the affirmative defense of contributory negligence.

## FOURTH DEFENSE

{B1430427}

The Defendant denies that any activity on its or its employees' part caused or contributed in any manner whatsoever to plaintiff's alleged injuries and damages, and demands strict proof thereof of each and every allegation concerning same.

### FIFTH DEFENSE

As to each and every material allegation contained in plaintiff's Complaint, the Defendant pleads not guilty.

### SIXTH DEFENSE

The Defendant affirmatively pleads that on the occasion made the basis of the Plaintiff's Complaint, the Defendant did not have notice, actual, implied, or constructive, of any defect, foreign substance, hazard, or unsafe condition.

### SEVENTH DEFENSE

The Defendant pleads that on the occasion made the basis of the Plaintiff's Complaint, any alleged unsafe condition and/or hazard, if present, was open and obvious.

### EIGHTH DEFENSE

The Defendant pleads that the Plaintiff was on express notice of any alleged unsafe condition or hazard.

### NINTH DEFENSE

The Defendant pleads the affirmative defense of assumption of the risk.

### TENTH DEFENSE

The Defendant asserts the affirmative defense of set off or credit for any payments made by third parties.

### ELEVENTH DEFENSE

The Defendant denies that any alleged act or omission on the part of this Defendant proximately caused any injury to the Plaintiff.

## TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages from the defendant per the plaintiff's Complaint.

## THIRTEENTH DEFENSE

This Defendant asserts that service is improper.

## FOURTEENTH DEFENSE

This Defendant asserts that it is improperly named.

## FIFTEENTH DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama 1975, as amended 1999.

## SIXTEENTH DEFENSE

Plaintiff's claims are subject to the limitations and protections of § 6-11-27 of the Alabama Code.

## SEVENTEENTH DEFENSE

Plaintiffs' claim to punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate the United States Constitution and/or the common law and/or public policies of the United States on the following grounds:

{B1430427}

  a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

  b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendants' rights to due process as guaranteed by the United States Constitution.

  c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

  d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendants' due process rights.

  e. Plaintiff's claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, of the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive

damages for the same course of conduct, will violate Defendants' due process and equal protection rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

      f.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendants' due process rights.

      g.      Plaintiff's claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Alabama law would violate Defendants' due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of 'moral discretion' without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

      h.      Plaintiff's claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite, uncertain, and deprive Defendants of due process of law.

      i.      Plaintiff's claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendants to be treated differently from other similarly situated persons/entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

    j. Plaintiff's claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendants to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of alleged misconduct, in violation of Defendants' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

    k. Plaintiff's claims for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendants' conduct, creating a chilling effect on Defendants' exercise of their right to a judicial resolution of this dispute.

    l. Plaintiff is not entitled to recover punitive damages because the same would violate the Self Incrimination Clause of the Fifth Amendment of the United States Constitution by purporting to allow punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

    m. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

    n. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

      o.      The procedures pursuant to which punitive damages are awarded subject Defendants to punishment under a law not fully established before the alleged offense.

## EIGHTEENTH DEFENSE

Plaintiff's claims to punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

      a.      It is a violation of Article I, Sections 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

      b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of Defendants' due process rights guaranteed by the Alabama Constitution.

      c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and deprive Defendants of due process of law in violation of the Alabama Constitution.

      d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive Defendants of due process of law in violation of the Alabama Constitution.

{B1430427}

  e. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

  f. The procedures pursuant to which punitive damages are awarded cause Defendants to be treated differently from other similarly situated persons and/or entities by subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

  g. The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies Defendants their rights of equal protection and due process.

  h. The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, Section 15 and Article I, Section 1 of the Alabama Constitution and in violation of Defendants' due process rights.

  i. The procedures pursuant to which punitive damages are awarded subject Defendants to punishment under a law not fully established before the alleged offense, in violation of Article I, Section 7 of the Alabama Constitution.

  j. It is a violation of the Alabama Constitution to impose punitive damages, which are penal in nature, against Defendants, yet compel Defendants to disclose potentially incriminating documents and evidence.

  k. The procedures pursuant to which punitive damages are awarded subject Defendants to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors

{B1430427}

based on the respective enormity of the alleged misconduct, in violation of Defendants' due process rights and Article I, Sections 1, 6, 13 and 22 of the Alabama Constitution.

l. The procedures pursuant to which punitive damages are awarded expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendants' conduct, creating a chilling effect on Defendants' exercise of its right to a judicial resolution of this dispute.

m. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n. Plaintiff's claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, of the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Defendants' due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o. Plaintiff's claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Alabama law would violate Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards

as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## NINETEENTH DEFENSE

An award of punitive damages will violate Defendants' rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Defendants adequate notice of the kind of conduct for which Defendants may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or

{B1430427}

mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## TWENTIETH DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is barred to the extent it seeks the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in a defendant's status rather than in specific misconduct, and thus have the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 13, and 22 of the Alabama Constitution.

## TWENTY-SECOND DEFENSE

The claims of Plaintiff for punitive damages cannot be upheld because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendants' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## TWENTY-THIRD DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiff for punitive damages cannot be upheld because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy, self-incrimination, and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections 1, 5, 6, 7, 9, 11, 13, and 22 of the Alabama Constitution. These rights will be violated unless Defendant is afforded the safeguards guaranteed by these provisions, including but not limited to, the right to separate trials if requested by Defendants for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## TWENTY-FOURTH DEFENSE

Plaintiff cannot recover punitive damages against Defendants because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless Defendants are afforded the same procedural safeguards as are criminal defendants, including but not limited to, the right to avoid self incrimination, the right to forego production, and disclosure of incriminating documents.

{B1430427}

### TWENTY-FIFTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing the activities violate the laws of those other states; to do so would violate Defendant's rights under the Alabama Constitution and United States Constitution.

### TWENTY-SIXTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559 (1996).

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds the United States Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559 (1996), determined the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

{B1430427}

### TWENTY-NINTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under *BMW of North American v. Gore*, 517 U.S. 559 (1996) to the extent they are not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure Defendant will more fully comply with this state's laws in the future.

### THIRTIETH DEFENSE

The Alabama statutes authorizing punitive damages, ALA. CODE §§ 6-11-20 and 6-11-21, are unconstitutionally vague as written, construed, and applied.

### THIRTY-FIRST DEFENSE

Plaintiff's demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment in that punitive damages are not necessary to vindicate the State's interest in punishing Defendants and deterring Defendants from future misconduct.

### THIRTY-SECOND DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish Defendants for, and deter Defendants from, lawful conduct occurring outside the State of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### THIRTY-THIRD DEFENSE

The claims of Plaintiff for punitive damages cannot be upheld to the extent they violate or contravene the ratio of punitive damages allowed by the holding of the United

{B1430427}

States Supreme Court in ruling on the case of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### THIRTY-FOURTH DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris v. Williams*, 549 U.S. ---, 2007 WL 505781 at *5 (Feb. 20, 2007). Furthermore, "such an award would amount to a taking of 'property' from the defendant without due process." *Id.* at *3.

### THIRTY-FIFTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense.'" *Phillip Morris v. Williams*, 549 U.S. ---, 2007 WL 505781 at *5 (Feb. 20, 2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### THIRTY-SIXTH DEFENSE

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because such punishment "would add a near standardless dimension to the punitive damages equation." *Id.* Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of "arbitrariness, uncertainty and lack of notice." *Phillip Morris v. Williams*, 549 U.S. ---, 2007 WL 505781 at *5 (Feb. 20, 2007) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003)).

## THIRTY-SEVENTH DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. *Phillip Morris v. Williams*, 549 U.S. ---, 2007 WL 505781 at *7 (Feb. 20, 2007). Stated differently, the Due Process Clause requires that this Court "provide assurance that [the jury in this case is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." *Id.* at *6.

This Defendant reserves the right to amend this answer, assert additional defenses, or withdraw defenses as discovery may dictate.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

/s/ Jackie H. Trimm

Jackie H. Trimm (TRI007)
Attorneys for Food Giant Supermarkets, Inc.

**OF COUNSEL:**
STARNES DAVIS FLORIE LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000
(205) 868-6099 (fax)
jtrimm@starneslaw.com

{B1430427}

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2012, I filed a copy of the foregoing with the Clerk of the Court, and served a copy of the same on the following counsel of record by placing the same in U.S. Mail, first class, postage prepaid:

Jim Beard, Esq.
Will Beard, Esq.
Beard & Beard
P. O. Box 88
Guntersville, AL  35976

OF COUNSEL

{B1430427}