IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MELBA JO WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO.: **4:12-CV-01836-KOB** |
| ) | |
| FOOD GIANT, INC. d/b/a ) | |
| PIGGLY WIGGLY, ) | |
| ) | |
| Defendants. ) | |

### **DEFENDANT'S SUBMISSION IN COMPLIANCE WITH COURT'S ORDER TO SHOW CAUSE**

COMES NOW the Defendant identified as Food Giant, Inc., d/b/a Piggly Wiggly, properly known as Food Giant Supermarkets, Inc., and in compliance with the Court's Order of May 15, 2012, requiring this Defendant as the removing party to "show cause in writing by 4:30 p.m. on Tuesday, May 22, 2012 why this case should not be remanded for failure to show that the amount in controversy meets the federal jurisdictional amount," hereby says as follows:

### **FACTS**

1. Plaintiff alleged in her Complaint, filed with the Circuit Court of Marshall County, that she "badly injured" her knee as a result of the negligence and wantonness of the Defendant, for which she has sought medical care.  She contends her injuries are permanent, that she has suffered "great physical pain and mental anguish." She seeks

{B1432702}

compensatory and punitive damages.  She does not set out in her Complaint a demand for a specific sum certain.

    2.    Defendant has received from Plaintiff's counsel a demand of $130,000.00 for settlement of this claim.  (See Exhibit 1, Settlement Package with medical records, bills, and demand, attached hereto).  Plaintiff has submitted what appears to be more than $35,000 in medical bills to support her demand, which she contends are related to her injuries.  The medical records also submitted by Plaintiff in support of her demand illustrate that Ms. Williamson has undergone knee surgery, to include arthroscopy with chondroplasty and meniscectomy, which she will claim is related to this accident.  She claims compensatory damages for past and permanent injury, as well as punitive damages.

    3.    The Defendant contends that demand received from the Plaintiff, particularly coupled with the demands of her Complaint, conclusively establishes the jurisdictional amount in controversy required in diversity cases.

## **ARGUMENT**

When the complaint does not claim a specific amount of damages, the Eleventh Circuit has held that removal from state court is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement. <u>Williams v. Best Buy Co., Inc.</u>, 269 F. 3d 1316, 1319 (11th Cir. 2001).  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at

the time the case was removed.  Id.  The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, and needs only to show that the amount in controversy more likely than not exceeds the jurisdictional requirement.  Benandi v. Mediacom Southeast, LLC, 2011 WL 5077403, at *2 (S.D. Ala. September 30, 2011) (quoting Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010; see also Order adopting same at 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011)).

      Plaintiff's Complaint does not on its face make a specific sum certain demand.  Although the Defendant would contend that the Court may still find from the terms of the Complaint that the jurisdictional requirement is met (further discussed below), Plaintiff's settlement demand package, attached hereto as collective Exhibit A, constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C.A. § 1446(b)(3)(c).  The exhibit attached is evidence from which it can be concluded that the amount in controversy in this case exceeds jurisdictional requirements.  Federal courts within this state have acknowledged that settlement offers "count" in determining whether a plaintiff's claim exceeds the amount-in-controversy jurisdictional requirement of $75,000.  Benandi, 2011 WL 5077403 at *2 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994)).  A settlement demand is "relevant evidence" where it reflects a reasonable estimate of the plaintiff's claim.  Id.  The Plaintiff here contends that she has suffered a permanent knee injury, for which her attorney has demanded $130,000.  This demand, which is based on significant claimed medical bills and the allegation of related knee surgery, is sufficient to satisfy the

amount-in-controversy requirement for federal jurisdiction.  Moreover, a plaintiff's claim for punitive damages should also be considered when determining the jurisdictional amount in controversy in diversity cases.  Id. at *4.

In addition, the Defendant contends that the jurisdictional requirement is "facially apparent" from Plaintiff's Complaint, even though it does not include a demand for a sum certain, due to the nature of her alleged injury and damages.  When the complaint does not claim a specific amount of damages, the Eleventh Circuit has held that removal from state court is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement.  Williams v. Best Buy Co., Inc., 269 F. 3d at 1319.  In the present case, Plaintiff has alleged that the Defendant was negligent and wanton.  In addition to pain and suffering, mental anguish, and non-specific physical injury, she specifically alleges injury to her knee, which she describes as "badly" and "permanently" injured.  She seeks punitive damages.  A significant and permanent knee injury due to wanton conduct of a corporate defendant, if proven, could reasonably put into controversy an amount in excess of $75,000, even without the Plaintiff's demand of $130,000 submitted with supporting documentation.

It is important to note that Plaintiff has not at this time challenged this Court's jurisdiction of this matter, nor has the Plaintiff disputed any assertion made by the Defendant in its Notice of Removal, including the fact that the Plaintiff contends that her permanent knee injury will require surgery.  It is fully expected, and indeed Plaintiff has not disputed, that she intends to claim damages for surgical repair of her knee.

WHEREFORE, the Defendant respectfully represents to the Court that the

amount-in-controversy requirement for federal jurisdiction is met in this case and has been properly demonstrated to the Court by clear preponderance of the evidence so as to avoid remand to the Circuit Court of Marshall County, consistent with this Court's Order.

/s/ Jackie H. Trimm
Jackie H. Trimm  (TRI007)
Attorney for Food Giant Supermarkets, Inc.

Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail:  jtrimm@starneslaw.com

{B1432702}

## CERTIFICATE OF SERVICE

   I do hereby certify that I have electronically filed the foregoing on this the 22nd day of May, 2012, with service to be completed on the following individuals by placing the same in U.S. Mail, first class, postage prepaid:

Jim Beard, Esq.
Will Beard, Esq.
Beard & Beard
P. O. Box 88
Guntersville, AL  35976

              /s/ Jackie H. Trimm
              OF COUNSEL

{B1432702}