IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MELBA JO WILLIAMSON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.:** |
| ] | **4:12-cv-1836-KOB** |
| **FOOD GIANT, INC.,** ] | |
| d/b/a Piggly Wiggly, ] | |
| ] | |
| **Defendant.** ] | |

**SCHEDULING ORDER**

The court has before it the June 13, 2012**,** report of the parties' planning meeting under Rule 26(f).

**I.    Pretrial Deadlines**

   **A. Discovery Deadlines**

   All discovery must be commenced in time to be completed by **January 25, 2013**.  The court has revised the prior standard time for discovery to allow an additional thirty days.  However, no extension of the discovery deadline will be granted <u>unless</u> the party requesting the extension affirmatively shows actual efforts taken to obtain all needed discovery within the allocated time frame. (i.e., no extensions will be granted when counsel has not taken full advantage of the allocated discovery time.)

   Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from plaintiff by **November 19, 2012**, and from defendant by **December 19, 2012**.  Disclosure of the final lists of trial witnesses and exhibits under

Rule 26(a)(3) must be filed and served by plaintiff **thirty days prior to trial** and by the defendant **thirty days prior to trial**. **The 14-day period for objections set forth in Rule 26(a)(3) shall apply, except the list of objections should be <u>served</u> but not filed. The parties must meet and confer in an effort to resolve the objections <u>before</u> filing any objections to the evidence. (See Section IV).**

Any requests for extension of any deadlines must be filed at least **two business days prior to that deadline** to be considered. <u>**Good cause must be shown for the extension of any deadline**</u>. Good cause includes a showing of what discovery, etc., has already been completed and precisely <u>why</u> the deadlines cannot be met.

The court expects that all critical discovery (i.e., discovery necessary to determine whether the case should be settled such as party depositions such as parties' depositions) will take place <u>before</u> the date set for the filing of the joint status report.

### B.  Deadlines to Amend Pleadings

Plaintiff may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **August 13, 2012**. Defendant may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **August 28, 2012**.

### C.  Joint Status Report

Counsel shall file with the court a <u>Joint</u> Status Report on **January 3, 2013**. The status report should include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status report should not be used to argue the party's case, or to present all

possible legal theories. Instead, the report should apprise the court of the case and current issues affecting trial preparation.

As part of the status report, parties should consider the prospects for settlement of this matter and shall report their efforts to do so. If any party is of the opinion that a court-conducted settlement conference would be helpful, that party may request by separate writing that the court conduct such a conference as a part of or separate from the scheduled status conference. Such party should be prepared to suggest a reasonable basis for consideration of settlement and should be prepared to make a reasonable offer or acceptance.

Also as part of the status report, parties shall notify the court whether they are agreeable to submitting this case to mediation conducted by a mediator from the panel of neutrals.

**D. Status Conference**

This case is set for a **Status Conference** on **Thursday, January 10, 2013, at 4:30 PM**, fifth floor chambers of the undersigned, Hugo L. Black U.S. Courthouse, Birmingham, AL. By notifying chambers <u>not less than two working days</u> prior to the scheduled conference, attorneys located outside the division or district may request to participate by telephone and the court will consider such request based on the particular circumstances of the case. The court may, in its discretion, convene other status conferences.

As stated above, the court expects that all critical discovery (i.e., discovery necessary to determine whether the case should be settled such as parties' depositions) will take place <u>before</u> the date set for the filing of the joint status report.

**E. Pretrial**

This case is set for a **Pretrial Conference** on **Thursday, June 20, 2013, at 11:00 AM,** fifth floor chambers of the undersigned, Hugo L. Black U.S. Courthouse, Birmingham, Alabama. Counsel should pay close attention to the requirement of presenting **a joint proposed pretrial order** to the court on or before **June 14, 2013**. The pretrial order instructions are available on the court's website at www.alnd.uscourts.gov under the court information for Judge Bowdre.

By notifying chambers not less than two working days prior to the pretrial conference, attorneys located outside the division or district may request to participate by telephone as long as one attorney per side is present for the conference. Counsel of record are requested to notify any attorneys subsequently making appearances in this case of the scheduled conference.

The case should be ready for trial by **August, 2013**. A trial date will be set at the pretrial conference.

Note: Cases in which no dispositive motion is filed by the deadline may be set for an earlier pretrial conference.

**II. Discovery Disputes**

No motions concerning discovery matters should be filed until counsel have exhausted all efforts to resolve the dispute among themselves. Every discovery motion must affirmatively state all efforts to resolve the disputed matter; failure to attempt to resolve the dispute without court intervention or to affirmatively so state will result in the automatic denial of the motion.

Every discovery motion must include a proposed resolution of the dispute. Within **three days** of receiving notice of the motion, the non-moving party(ies) must file a response that also includes a proposed resolution of the dispute. Failure to respond within **three days** will result in the

granting of the motion. If a response is filed, the court will accept the <u>most reasonable</u> of the parties' proposals, and discovery will proceed pursuant to the terms described in the accepted proposal.

Discovery disputes will <u>occasionally</u> be referred to a magistrate judge for handling. Because decisions concerning discovery rest largely within the discretion of the judge, objections to a magistrate's ruling on a discovery matter should rarely be made and will rarely be granted absent a clear showing that the decision was clearly erroneous or contrary to law. See 28 USC § 636.

### III.   Submission of Motions

All potentially dispositive motions must be filed by **February 15, 2013**, and must comply with this court's requirements as stated in "Appendix II" available on the court's website at <u>www.alnd.uscourts.gov</u> under the court information for Judge Bowdre. In its discretion, the court may enter a separate submission order. Counsel <u>shall</u> refrain from filing any motion for summary judgment where a reasonable person would recognize that genuine issues of material fact exist.

All other pre-trial motions, including challenges to expert witnesses but not including other motions in limine, must be filed by the same date. All other motions must be filed promptly after the movant becomes aware of facts indicating the need to file a motion. All briefs as well as pleadings should be filed with the Clerk of the Court. No courtesy copies of <u>pleadings</u> will be accepted, but the court **requires courtesy copies of <u>briefs</u> and <u>evidentiary submissions</u> to be delivered to the clerk's office (not to chambers) marked as judge's courtesy copy.**

The court shall promptly dispose of nondispositive motions. Without prior notice, it may summarily dispose of perfunctory and/or other motions where the facts and law appear to be clear. Therefore, **when served with a motion, any party who wishes to oppose it should immediately telephone the court's chambers and so advise**. Opposing briefs and documents shall follow within

**three days** after the motion is filed if notice is first given to the court of an intent to file opposition.

If the court enters a briefing schedule, the court will generally decide such motions within thirty days of the submission date. The court encourages counsel to contact the judge's chambers to verify that a motion is scheduled for a determination if counsel has not received a decision on the motion within **forty-five days** of its submission date.

ALL briefs, whether on pretrial or post trial motions, must comply with the requirements of "Appendix II" as far as practicable given the nature of the particular motion, including page limitations, unless the court grants specific permission to deviate. Unless the motion is dispositive, parties are not required to comply with Section D.

All motions, responses, briefs, and memoranda relating to any matter set for hearing before **the court must be filed electronically no** later than 4:30 p.m., the day before the date of the hearing. Papers filed after that time will not be considered at the hearing.

**IV.   Trial Exhibits**

Each party that anticipates offering as substantive evidence six exhibits or more shall premark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of Court. At least **thirty days prior to trial**, all counsel shall serve and file a copy of the exhibit list under Rule 26(a)(3), with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection. Exhibits not listed will not be admitted in the case-in-chief unless good cause is shown. Within **fourteen days** of receipt of the exhibit list, counsel shall serve but not file a list of any objections to the exhibits, and shall meet and confer in an effort to resolve the objections. Any unresolved objections regarding the admissibility of any evidence should be submitted by motion in limine at least **five business days**

prior to trial.

Except as expressly modified by the above, the stipulations, limitations, deadlines and other agreements set forth in the report of the parties shall apply in this case.

**DONE** and **ORDERED** this 27th day of June, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE